USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1446

 NORMAN E. DICKINSON,

 Plaintiff, Appellant,

 v.

 MICHAEL J. CHITWOOD, ET AL.,

 Defendants, Appellees.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. Gene Carter, U.S. District Judge]

 Before

 Selya, Stahl and Lynch,
 Circuit Judges.
 
 

 Norman E. Dickinson on brief pro se.
 Mark E. Dunlap and Norman, Hanson & DeTroy, LLC on brief for
appellees Michael Chitwood and City of Portland.
 Edward R. Benjamin, Jr. and Thompson & Bowie on brief for
appellees Michael Kelly and City of Lewiston.

December 17, 1998

 
 

 Per Curiam. Plaintiff-appellant Norman Dickinson
 appeals pro se from the grant of summary judgment in favor of
 defendants on his federal claims and the dismissal without
 prejudice of his state law claims. For the following reasons,
 we affirm.
 Dickinson is a Maine state prisoner who pled guilty
 to kidnapping, robbery, and two counts of criminal threatening
 with a dangerous weapon. The offenses involved a one-day crime
 spree in South Portland, Maine, on February 2, 1989. Dickinson
 is currently incarcerated following a revocation of probation. 
 The underlying case stems from events that occurred in 1997
 after Dickinson was released from prison and began serving a
 term of probation in Portland, Maine. On or about the time of
 Dickinson's release, Portland's chief of police warned the
 public about him and disclosed his address. Several months
 later, after Dickinson was scheduled to be placed in Lewiston,
 Maine, Lewiston's chief of police did much the same thing.
 Based on these actions, Dickinson filed a 42 U.S.C.
 1983 suit against the City of Portland, the City of Lewiston,
 and their respective police chiefs alleging violations of his
 constitutional rights to equal protection and due process of
 law, his right to privacy, and his right to be free of cruel
 and unusual punishment. Although he did not articulate this
 theory in his complaint, Dickinson argued in his later filings
 that municipal liability attached because the two cities'
 respective police chiefs possessed final decisionmaking
 -2-
 authority with respect to the actions taken. See Pembaur v.
 City of Cincinnati, 475 U.S. 469, 481 (1986) (concluding that
 a final decisionmaker's single decision may, in some
 circumstances, give rise to municipal liability under 1983). 
 In addition to his federal claims, Dickinson alleged various
 claims under state law.
 It is undisputed that, approximately ten months
 before he began his probationary term, Dickinson wrote the
 sentencing judge a letter in which he described himself as a
 "time bomb." He suggested that the restrictions imposed by the
 judge, which essentially amounted to house arrest, would be the
 "spark that sets that bomb off." He asked a rhetorical
 question, "Will being confined in my house prevent me from
 committing a violent act,?" and answered, "No."
 It is also undisputed that, approximately four months
 before his release, Dickinson wrote a letter to a Portland
 television news reporter identifying himself as the person "who
 went on a crime spree in South Portland on February 2, 1989." 
 He stated that he was writing to inform the reporter and
 "society" that he would be back on the streets of Portland on
 January 26, 1997. He further stated that he would be "meaner
 than ever" and that he "pit[ied] anyone who [got] in [his]
 way." The letter indicated that Dickinson was enclosing a
 police report of the February 1, 1989 incidents.
 We review the grant of summary judgment de novo. 
 Hinchey v. NYNEX Corp., 144 F.3d 134, 140 (1st Cir. 1998). In
 doing so, we are not limited to the district court's reasoning
 but may affirm on any independently sufficient ground. Medina-
 Munoz v. R. J. Reynolds Tobacco Co., 896 F.2d 5, 7 (1st Cir.
 1990). In the instant case, we affirm because we conclude that
 Dickinson has failed to establish a violation of his
 constitutional rights.
 In particular, we affirm the district court's
 disposition as to the Eighth Amendment claim on the ground
 that, even if we were to assume for the sake of argument that
 defendants' actions could constitute punishment, Dickinson has
 made no argument on appeal that these actions constitute "cruel
 and unusual" punishment. We reject as without merit
 Dickinson's suggestion in the district court that punishment is
 cruel and unusual if it is more burdensome than necessary. Cf.Taylor v. Rogers, 781 F.2d 1047, 1050 (4th Cir. 1986) (finding
 no cruel and unusual punishment where protective custody
 restrictions were "rationally related" to security and
 protection concerns).
 Dickinson's equal protection argument also fails. 
 Classification that neither abridges a fundamental right nor
 operates against a suspect class receives rational basis
 review. Inmates of Suffolk County Jail v. Rouse, 129 F.3d 649,
 660 (1st Cir. 1997), cert. denied, 118 S. Ct. 2366 (1998). 
 Dickinson makes no argument that defendants' actions are
 subject to heightened scrutiny. His only argument is that
 defendants acted "arbitrarily" in disclosing his address to
 members of the public but not the addresses of other released
 felons. However, given Dickinson's threats and warnings during
 the months before his release, defendants had a legitimate
 basis for treating him differently than other recently released
 felons. In short, Dickinson has made no showing that the
 police treated his case disparately from any comparable case.
 Finally, we think that on the facts of this case
 Dickinson's right to privacy and due process arguments fail. 
 As an initial matter, Dickinson has made no persuasive argument
 that Maine's Sex Offender Registration and Notification Act,
 which does not apply to him, nonetheless creates a protectible
 liberty interest entitling him to due process protections. We
 need not decide, in the abstract, whether the confidentiality
 branch of the constitutional right to privacy prohibits the
 disclosure of information about a released felon, including
 such information as his name, address, and convictions. Cf.Vega-Rodriguez v. Puerto Rico Tel. Co., 110 F.3d 174, 183 (1st
 Cir. 1997) (indicating that the range has not extended beyond
 prohibiting profligate disclosure of medical, financial, and
 other intimately personal data). In the instant case,
 Dickinson himself "published" a compilation of information
 about himself, just a few months before his release date, in
 the form of the letter to the Portland television news
 reporter. Having himself initiated a warning to "society,"
 Dickinson is not in a position to complain about an invasion of
 his right to privacy or the lack of a hearing before the
 dissemination of information. Cf. Doe v. City of New York, 15
 F.3d 264, 269 (2d Cir. 1994) (recognizing that the right to
 privacy can be waived).
 We need go no further. Because the district court
 properly dismissed the federal claim, it did not err in
 dismissing the state law claims. See 28 U.S.C. 1367(c)(3). 
 Affirmed.